[L. A. No. 256.   Department Two.—February 11, 1898.]

## WILLIAM H. HOLT, Respondent, v. FRANCES M. HOLT et al., Appellants.

REFORMATION OF DEED—MISTAKE—PLEADING—VARIANCE.—In an action to reform a conveyance which by mistake conveyed the whole of a certain lot instead of the undivided half thereof, as intended, where the complaint, though averring a mutual mistake of the grantor and grantee, also averred that the defendant knew at the time of accepting the deed that the plaintiff also supposed that the deed described and conveyed only the undivided half of the property, the last averment brought the case within section 3399 of the Civil Code and justified a reformation of the deed; and where the evidence showed and the court found that, at the time of the acceptance and record of the deed, the grantee knew that the deed conveyed the whole lot and that the grantor supposed that the deed conveyed only the undivided one-half of the lot, and that the language of the deed conveying the whole lot was a mistake, there is no substantial or material variance, which could mislead the defendant to his prejudice, between the complaint and the findings and proof.

ID.—CONVEYANCE PROVIDED FOR IN DECREE OF DIVORCE—RIGHTS OF PARTIES TO DECREE UNAFFECTED BY REFORMATION.—Where the purpose of the action and the effect of the judgment was merely to reform a deed made from the defendant to the plaintiff, the effect of a decree of divorce between plaintiff and defendant regulating the rights of the parties in a homestead, and providing for a conveyance from the divorced husband to the divorced wife of an undivided half thereof, is not involved, and none of the rights of the parties under such decree of divorce are determined or affected, by the judgment reforming the deed; and, where the defendant in her answer claimed the whole of the property, she cannot complain of a judgment giving her an undivided half thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

E. E. Bacon, for Appellants.

George M. Holton, and Charles L. Batcheller, for Respondent.

McFARLAND, J.—This action was brought to reform a deed executed by the plaintiff to the defendant, Frances M. Holt, Tyler being made a defendant as a subsequent mortgagee with no-

tice. The court rendered judgment for plaintiff, and the defendants appeal from the judgment and from an order denying their motion for a new trial.

The findings of the court were warranted by the evidence. The plaintiff and the defendant, Frances, were at one time husband and wife, and had been divorced before the occurrences out of which this litigation arises. The land involved here, designated as lot 7 of a certain tract. was separate property of the plaintiff, though defendant Frances had filed a homestead thereon, the plaintiff not joining therein. By the decree of divorce the lot was set apart to the defendant, Frances, "for a limited period, to wit, the term of fifteen years," but it contained the following provision: "Provided, that if the plaintiff will convey to. the defendant an undivided and unencumbered one-half interest in said homestead, then said term will be shortened to five months." For the purpose of complying with this provision, the plaintiff executed a deed to the defendant, Frances, which was intended to be of an undivided half of said lot, but by mistake of the conveyancer in following a printed form the deed was made to convey the whole of said lot. When the deed was delivered to the defendant Frances by the plaintiff she was informed that it conveyed only an undivided one-half of the lot, in accordance with the provisions of the decree. The defendant Frances made some objection at first to receiving the deed; but a day or two afterward, upon learning that it conveyed the whole lot, she accepted it and put it upon record. She knew that the plaintiff supposed that the deed conveyed only the undivided one-half, and that the language in the deed purporting to convey the whole lot was a mistake. Shortly afterward the defendant, Tyler, took a mortgage from the defendant, Frances, upon the whole of said lot, the mortgage purporting to be security for five hundred dollars; but the court found, and we think upon sufficient evidence, that at the time of the execution of the mortgage Tyler knew all the facts, and the mistake.

The only point made by appellants which needs special notice is that there is a variance between the complaint and the findings, because, as contended by appellants, the complaint avers a "mutual" mistake, while the findings are that the mistake was that of the plaintiff, and that the defendant, Frances, knew of

such mistake at the time. We do not think that this position is tenable. It is true that in the complaint it is averred that the said Frances, at the time she accepted the deed, supposed that it conveyed only the undivided one-half of the property; but it is also averred that "said defendant, Frances M. Holt, knew at the time of such acceptance that the plaintiff also supposed that said deed described and conveyed only the undivided one-half of said homestead property." This averment clearly brought the case within section 3399 of the Civil Code (*Cleghorn v. Zumwalt*, 83 Cal. 158); and under no view was there such a variance as "actually misled the adverse party to his prejudice." (Code Civ. Proc., sec. 469.)

We do not think that the pleadings in this case raise any issues growing out of the decree of divorce, or that any rights growing out of said decree are herein determined. The purpose of this action and the effect of this judgment are merely to reform the deed; whatever rights the parties have under the decree of divorce after the reformation of the deed are not here to be determined. That part of the judgment in the case at bar which decrees that the plaintiff is the owner in fee of an undivided one-half of the lot, and that the defendant Frances is the owner in fee of the other undivided one-half, might as well have been left out; but as the defendant Frances by her answer claimed the ownership of the whole lot, we do not see that she is injured by that part of the judgment which gives her an undivided half thereof. No other questions raised in the case need special notice.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.