[Civ. No. 2435.  First Appellate District.—July 6, 1918.]

## MINNIE E. DONNELLY, Respondent, v. EDWIN C. WETZEL et al., Appellants.

PARTITION—PERSONAL MONEY JUDGMENT—JURISDICTION.—In an action in partition, where the complaint alleged that one of the defendants had acquired an undivided two-thirds interest in the property from his codefendants ,with full knowledge that plaintiff had a claim against said codefendants for money advanced by plaintiff upon their part of the purchase price, such codefendants were proper, if not necessary, parties to the action, and their disclaimer filed in the action did not prevent the court from rendering a personal judgment against them in favor of plaintiff for the amount of such advancement.

APPEAL from a judgment of the Superior Court of Contra Costa County.  A. B. McKenzie, Judge.

The facts are stated in the opinion of the court.

J. W. Henderson, and J. G. Reisner, for Appellants.

J. P. O'Brien, for Respondent.

BEASLY, J., *pro tem.*—This was primarily an action in partition. In addition to a judgment that the property involved be sold and the proceeds divided, as will hereinafter appear, the court also gave a personal judgment of six hundred dollars in favor of the plaintiff, Minnie E. Donnelly, and against the defendants, Edwin C. and Eva L. Wetzel, his wife, and from this money judgment against them the Wetzels appeal. The authority of the court to render this personal judgment in this action is the only question in the case.

The plaintiff and the Wetzels purchased the property from H. C. Petray for four thousand five hundred dollars, payable one thousand five hundred dollars in cash and the remaining three thousand dollars to be secured by a mortgage on the premises to Petray. The plaintiff paid one thousand one hundred dollars of the initial payment and the Wetzels paid only four hundred dollars thereof. It appears, therefore, that Miss Donnelly paid six hundred dollars of the pur-

chase price which the Wetzels should have paid. Pursuant to this, the payment of the one thousand five hundred dollars and the execution of the mortgage to him of the three thousand dollars by the purchasers, Petray, the owner, on the twenty-seventh day of June, 1911, conveyed the property to the plaintiff and the Wetzels. On February 14, 1914, the Wetzels, without paying the plaintiff the six hundred dollars which she had advanced upon their part of the purchase price, conveyed an undivided two-thirds interest in the property to the defendant Honey. On February 21, 1914, Petray, the mortgagee, assigned the mortgage to the defendant Gazzola.

It was conceded at the trial and found by the court that the property could not be divided, and the court therefore adjudged that it be sold. It was decreed that the plaintiff and Honey were tenants in common of the property, a one-third undivided interest therein belonging to Miss Donnelly and the remaining two-thirds to Honey; that two thousand dollars and certain interest was still unpaid on the mortgage; and the court thereupon directed the application of the funds which should result from the sale of the property to the settlement of the mortgage, the costs, etc., and that the balance be divided between Miss Donnelly and Mr. Honey in the proportion of one-third to her and two-thirds to him, and, as hereinbefore stated, in addition to this judgment, the propriety of which is unquestioned, gave Miss Donnelly a personal judgment for six hundred dollars against the Wetzels. On this appeal the Wetzels claim that the court had no jurisdiction in this partition suit to decree a personal judgment in Miss Donnelly's favor against them, but should have left her to her action at law. In the complaint the plaintiff alleged on information and belief that Honey had acquired the property with full knowledge of her overpayment. The court, however, found that Honey acquired the property without notice or knowledge of this. The Wetzels answered, filing a disclaimer of any interest in the property, and contended that they were not proper parties at all to the partition suit, on the ground that they had parted with their interest before it was begun; but the allegation that Honey acquired the property with notice of Miss Donnelly's claim for the six hundred dollars against the Wetzels made the Wetzels proper, if not necessary, parties to this action. Their

disclaimer could not relieve them from the position in which they were placed as parties to this suit in equity who appeared therein; and once being parties to the action and personally before the court, the trial court, as a court of equity, had authority to adjust all of the claims arising out of the transaction which might exist between the parties. This it did.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 3, 1918.