[Civ. No. 3271.  Second Appellate District, Division Two.—May 11, 1921.]

W. A. HEVENER, Appellant, v. J. R. FRANKLIN et al., Respondents.

[1] SALES—INCOMPLETE DELIVERY—PLEADING—UNNECESSARY AND UN-
SUPPORTED ALLEGATIONS OF FRAUD — RECOVERY OF REASONABLE
VALUE.—The right of a purchaser of personal property to re-
cover the reasonable value of undelivered articles enumerated in
the bill of sale is not affected by unnecessary and unsupported
allegations in the complaint charging the defendants with fraud-
ulent misrepresentations.

[2] ID.—EVIDENCE—REASONABLE VALUE — ADMISSION OF PLEADINGS. —
Where in an action to recover the reasonable value of undelivered
articles enumerated in a bill of sale the verified complaint specifi-
cally alleged the reasonable value, and the allegation was not
denied, the plaintiff was not required to offer any proof as to
value.

APPEAL from a judgment of the Superior Court of
Los Angeles County.  Russ Avery, Judge.  Reversed.

The facts are stated in the opinion of the court.

A. K. Hancock for Appellant.

C. W. Hall for Respondents.

FINLAYSON, P. J.—Defendants executed a bill of sale
whereby they sold to plaintiff, for the sum of $4,250, cer-
tain personal property, the description of which in the bill
of sale, in so far as is necessary to an understanding of
this case, is as follows: "That certain personal property
situated and located in the building known and designated
as No. 106 Magnolia avenue, Long Beach, Calif., and three
cottages in the rear, described as follows: Beds complete 22;
sanitary couches 12; . . . blankets 45."  Claiming that de-
fendants had failed to deliver all the articles itemized in
the bill of sale (that instrument enumerates many more than
those above set forth by us), plaintiff brought this action
to recover the reasonable value of such of the articles as
he claimed were not delivered.  Judgment passed for de-
fendants, and plaintiff appeals.

[1] Instead of simply suing to recover damages for breach of contract arising out of defendants' failure to deliver the goods as agreed, appellant, for some inscrutable reason, unnecessarily charged respondents with fraudulent misrepresentation, by alleging that the latter falsely and fraudulently represented to him that the furniture and furnishings situated in the apartment house and cottages included all the articles that were itemized in the bill of sale. There seems to have been no substantial basis for any charge of fraud, and the trial court very properly, we think, found against appellant's allegations of fraudulent representations. But, though appellant was not justified in making fraud the basis of his right of recovery, he was entitled to recover damages for breach of contract, if, as the complaint alleges, respondents failed to deliver all of the articles as agreed. His complaint, though inartificially drawn, contains allegations which, if true, are sufficient to entitle him to recover the reasonable value of the undelivered articles, and the judgment must be reversed, unless, as respondents claim, appellant failed to prove certain allegations essential to a cause of action for breach of respondents' contract to deliver the missing articles. The claim is that appellant failed to show: 1. That all the property listed in the bill of sale was not delivered; and, 2. The value of any of the articles which it is claimed were not delivered.

Among the articles enumerated in the bill of sale are, as we have pointed out, "Beds complete 22" and "Blankets 45." All the witnesses seem to have agreed that the words "beds complete" include two blankets on each bed, or, as one of the witnesses naively put it, "a 'bed complete' is just as you would go to bed in it, with two sheets, *two blankets,* two slips, two pillows, a spring and a bedstead." The respondent J. R. Franklin, upon being asked what he meant and intended by a "bed complete," answered: "I intended two sheets, two slips, *two blankets,* two pillows, two pillow-cases, a mattress, springs, and bedstead." His wife, the other defendant, testified that by the words "bed complete" is meant "the amount on the bed . . . , two sheets, two slips, two pillows, *two blankets,* mattress, bedstead, and springs." From this it follows that the two items listed in the bill of sale as "Beds complete

22'' and ''Blankets 45'' call for an aggregate of eighty-nine blankets. Respondent J. R. Franklin testified that there were in the cottages and apartment house when turned over to appellant but forty-five blankets and twenty beds. This alone, without considering any of the other articles alleged to have been undelivered, suffices to show a failure to deliver all of the articles enumerated in the bill of sale.

Shortly after taking possession of the apartment house and cottages, appellant, according to the testimony of himself and wife, compared the furniture and furnishings then in the buildings with the listed articles enumerated in the bill of sale and made a memorandum of such of the articles described in the bill of sale as they were unable to find—a memorandum of ''shortages,'' as they termed the missing or undelivered articles. At the trial they were unable to say just what articles had been actually delivered, and could only testify as to these ''shortages.'' It is claimed by respondents that, since the construction of the bill of sale and, particularly, of the words ''beds complete,'' was a matter solely for the court, appellant should have shown just what articles actually were delivered, and that it was for the court to conclude from such testimony what, if any, were the ''shortages.'' But, as we already have shown, respondents' testimony leaves no room to doubt that there was a failure to deliver two beds and about forty-four blankets, to say nothing of the other articles that appellant claims were not delivered. Moreover, appellant's complaint itemizes the various articles which he claims respondents sold to him but failed to deliver. Among the articles that the complaint thus enumerates as among the undelivered are the items ''22 beds complete'' and ''45 blankets''—described in the complaint as two separate and wholly distinct items sold but not delivered. Respondents, in their answer, admit having sold to appellant all of the articles so enumerated by him in his complaint. If, therefore, a ''bed complete'' calls for two blankets on the bed, as testified to by respondents themselves, then it follows from the admissions in the pleadings that the bill of sale called for a total of eighty-nine blankets, while but forty-five in all were delivered to appellant, according to respondents' own testimony.

[2]  Instead of proving the reasonable value of the missing articles as second-hand goods, appellant's witnesses testified what would be the cost of similar articles if purchased new.  Because there is no direct evidence of the reasonable value of the articles as used or second-hand goods—they had been in use by respondents and their predecessors for a long time prior to the sale—respondents claim that appellant failed to sustain his allegation of damages, and that for that reason alone the judgment should be affirmed.  But there was no issue as to the reasonable value of the undelivered articles.  Appellant's complaint, duly verified, alleges specifically, in dollars and cents, the reasonable value of each missing article.  None of these allegations of value is denied by the answer.  Consequently, appellant was not required to offer any proof as to value.

Judgment reversed.

Works, J., and Craig, J., concurred.