[Civ. No. 11067.   Second Appellate District, Division Two.—September 14, 1936.]

JEANNE CHALDU, Respondent, v. DOMINGO F. AMESTOY et al., Appellants.

Joseph Smith and Maurseth & Kerrin for Appellants.

No appearance for Respondent.

CRAIL, P. J.—These are two appeals by three defendants from a judgment against them in an action on a promissory note. ▆ The amended complaint states a cause of action

on the note, and in addition thereto contains several allegations which might possibly be taken as an effort to allege a cause of action for fraud; but these allegations with respect to fraud are not sufficient to state a cause of action for fraud, and such allegations must be taken as irrelevant and surplusage. Nevertheless in their briefs the defendants treat the action as one sounding in fraud solely, and the questions which they present are based entirely upon that premise.

■ These questions are now presented in the language of the defendant, and after each is inserted the answer of the court:

1. "Does the complaint state sufficient facts to constitute a cause of action [for fraud] ?" As we have already indicated, the action is one upon a promissory note and no claim is made in the briefs that the complaint does not state a cause of action on the note.

2. "Is the action [for fraud] barred by section 338, subdivision 4, of the Code of Civil Procedure?" The promissory note is dated January 23, 1934, and obviously is not barred by the statute of limitations.

3. "Does the evidence establish fraud?" Fraud was not an essential element of the case.

4. "Does the evidence justify the decision?" The evidence shows that the note was given for a valuable consideration and that it contained an acceleration clause which read as follows: "Should default be made in the payment of any installment of principal or interest when due, then the whole sum of principal and interest shall immediately become due and payable at the option of the holder of the note." The evidence shows clearly, even out of the lips of the defendants, that instalments both of interest and principal were due and unpaid, and that demand for the entire sum had been made.

5. "Is there a fatal variance between the pleading and proof?" This contention is made upon the basis that there is no proof of fraud, and from what we have said it is without merit.

6. "May a partner be held liable for fraud committed by a co-partner in which he has not participated and with which he was not connected?" None of the defendants was held liable for fraud. The record shows that the trial judge

carefully went into the facts as to the giving of the promissory note, the fact that it was due and wholly unpaid, and gave judgment not for damages for fraud but for the amount due on the promissory note, with interest and costs.

Judgment affirmed.

Gould, J., *pro tem.*, and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 1, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 13, 1936.