[Civ. No. 13944. First Dist., Div. Two. Jan. 30, 1950.]

ARTHUR ALONSO, Respondent, v. HORACE HILLS et al., Appellants.

· Hoffman & Draper and Millington, Dell'Ergo & Morrissey for Appellants.

Fahey, Bocci & Gallen for Respondent.

NOURSE, P. J.—Defendants Horace Hills, Jack Lloyd, and Rockaway Quarries, Inc., appeal from a judgment ordering the latter defendant to pay plaintiff damages in the amount of $2,650, reduced subsequently by consent to $1,825 on denial of a motion for a new trial, and enjoining it from carrying on blasting operations in its quarry so as to disturb plaintiff and his real property in manners stated.

█ Against the individual defendants no judgment was rendered; they are not parties aggrieved entitled to appeal under section 938 of the Code of Civil Procedure and their appeal must be dismissed. (2 Cal.Jur. 215, 216, 218; *Hibernia Sav. & Loan Soc.* v. *Ordway,* 38 Cal. 679; *Spencer* v. *Troutt,* 133 Cal. 605, 609 [65 P. 1083].) Defendant in singular will hereafter refer to the corporate defendant.

Plaintiff's action was based in substance on allegations that he was owner and occupant of land and a dwelling place in the heart of a community of 300 homes, known as Rockaway Beach and 200 yards distant from the quarry of defendants; that defendants on November 2d, 1946, February 3, 1947, and on many occasions before and after, conducted blasting operations in their quarry in a negligent manner so as to cause violent concussions in the nature of an earthquake thereby injuring plaintiff's real property and building so that its plastered walls were severely cracked; window sills stripped from their normal position; a rock and brick barbecue pit and cement terrace walls cracked and damaged, window panes and a mirror broken, amounting to a damage of $1,100; that the building was loosened and weakened in its supports to a damage of $2,000, that the explosions disturbed the enjoyment of the dwelling place by plaintiff and his family, shocked plaintiff's nerves and injured his health; caused his children great fear impairing their health and causing them to be nervous and irritable to plaintiff's further damage of $10,000. Moreover $5,000 exemplary damages were claimed based on malice and wanton disregard of plaintiff's rights and feelings. Continuation of the blasting and threat of continuation in the future to the damage of the plaintiff were alleged as requiring injunctive relief.

A demurrer to the complaint on the ground, among others, that several causes of action were united without stating them separately was overruled, and trial had before the court sitting without a jury, leading to the judgment stated before.

No exemplary damages were granted. Of the $2,650 compensatory damages $1,650 was for damage to and depreciation of the property and $1,000 for plaintiff's distress in body and mind, discomfort, annoyance, fright and shock; fright or distress of the children is nowhere expressly mentioned. There is no finding of negligence and there was no testimony as to lack of care in the manner in which the blasting was executed except as shown by the injurious effect. The reduc-

tion by half of the amount of $1,650 granted for damage to the property was motivated by proof that the property was owned by plaintiff and his wife in joint tenancy.

Appellant asserts some formal errors without a showing of resulting prejudice. We therefore open our discussion with a statement of general principles of pleading established in this state, quoted from *Buxbom* v. *Smith* 23 Cal.2d 535, 542-43 [145 P.2d 305] as follows: "[T]he basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms. . . . No error or defect in a pleading is to be regarded unless it affects substantial rights. (Code Civ. Proc., sec. 475.) . . . In defining the relief which may be awarded to plaintiff where an answer in the action has been filed, section 580 of the Code of Civil Procedure provides that 'the court may grant him any relief consistent with the case made by the complaint and embraced within the issues.' Moreover, the matter of pleading becomes unimportant when a case is fairly tried upon the merits and under circumstances which indicate that nothing in the pleadings misled the unsuccessful litigant to his injury."

Appellant contends that the demurrer was erroneously overruled in the following respect: the separate acts of blasting furnished separate causes of action which should have been stated separately. (Code Civ. Proc., § 430(5); *Bowman* v. *Wohlke*, 166 Cal. 121 [135 P. 37, Ann.Cas. 1915B 1011].) The recurrent blasting in the operation of defendant's quarry, causing cumulative injury to plaintiff's property and interference with its enjoyment and requiring injunctive relief could conceivably be considered as one line of conduct in the character of a nuisance giving rise to one cause of action, without necessity of separate statement of separate blastings. But even if this were not so and if appellant had been entitled to such separate statement, the overruling of the demurrer would not require reversal after trial on the merits has taken place and where there is no showing of prejudice, but to the contrary the fullness of the trial going into the details of the effect of the separate blastings shows that appellant's defense was not hindered. (2 Cal.Jur. 1011, 1012; *Blakeslee* v. *Tannlund*, 25 Cal.App.2d 32, 35 [76 P.2d 216]; *Mortgage Guarantee Co.* v. *Smith*, 9 Cal.App.2d 618, 621 [50 P.2d 835].) The same applies to the further alleged error in overruling the demurrer for uncertainty in the allegations as to respondent's children and their damage. (2 Cal.Jur. 1014.) No preju-

dice seems possible as no point of the recovery was based on finding of injury to the children.

The questions whether the complaint was subject to demurrer and whether that demurrer was raised in formally correct manner have therefore become irrelevant.

 Appellant further contends that as negligence was specifically pleaded, plaintiff was required to prove it and could not recover where proof and finding of negligence were both absent; he is said to be bound by the theory on which he proceeded. The contention is without merit.

 Blasting in populated surroundings, in the vicinity of dwelling places or places of business is considered an ultrahazardous activity for the miscarriage of which the actor is held strictly liable in damages regardless of the degree of care with which the blasting is performed. (*McGrath* v. *Basich Brothers Const. Co.*, 7 Cal.App.2d 573 [46 P.2d 981]; *McKenna* v. *Pacific Electric Ry. Co.*, 104 Cal.App. 538 [286 P. 445].) Except when justified by necessity or utility which causes it to be reasonable under the circumstances of the case and executed with all required care, such blasting which causes injury is considered tortious and open to injunction, mostly under the designation of a "nuisance per se." Blasting in remote places, where there is little danger of injury is not considered a "nuisance per se" and is actionable only when negligence (or tortious intent) is alleged and proved. (*Compare Colton* v. *Onderdonk*, 69 Cal. 155 [10 P. 395, 58 Am.St.Rep. 556] and *Munro* v. *Pacific Coast Dredging etc. Co.*, 84 Cal. 515 [24 P. 303, 18 Am.St.Rep. 248], relating to blasting within cities, to *Houghton* v. *Loma Prieta Lumber Co.*, 152 Cal. 500 [93 P. 82, 14 Ann.Cas. 1159, 14 L.R.A.N.S. 913] involving blasting in an isolated place, on a practically abandoned road.) In this case defendant does not contend that dangerous blasting was reasonable and injury unavoidable under all the circumstances. Both damages and injunctive relief could therefore be based either on negligent blasting or on blasting in such surroundings as to cause the blasting to be ultrahazardous. In his complaint plaintiff alleged not only that the explosions were negligently produced and conducted but also that they occurred in close proximity to the land and dwelling house of plaintiff and that said real property was situated in the heart of a community of approximately 300 homes and 200 yards from the quarry of defendant, which latter allegations seem intended to describe a situ-

ation in which blasting injury is actionable *per se*. It can therefore not be said that plaintiff proceeded on the theory of negligence only. But even if respondent had proceeded on the erroneous assumption that proof of negligence was at any rate essential this would not prevent recovery without proof or finding of negligence if the facts alleged and found, after eliminating the negligence as surplusage, would leave a good cause of action and if appellant was not misled to his injury. In *Ambassador Airways, Inc.* v. *Frank*, 124 Cal.App. 56 [12 P.2d 127], a damage action for injury to an airplane owned by plaintiff but in defendant's possession was based on an express agreement; insofar as the express contract was not applicable to part of the injury for which plaintiff recovered, the judgment was upheld on the ground that the defendant was liable upon the general law and the allegation of an express contract was treated as surplusage (p. 62). Closer in point of fact although less ample in theoretical discussion are *Munro* v. *Pacific Coast Dredging etc. Co., supra,* 84 Cal. 515, 519, an action for death caused by blasting, in which case, although "the complaint set forth a careless and negligent explosion of the blast" the Supreme Court upheld an instruction that exercise of the highest degree of care by defendant was no defense, and *Opelt* v. *Al. G. Barnes Co.,* 41 Cal.App. 776, 778 [183 P. 241], holding that in a damage action for scratches by a vicious leopard in a circus allegations of negligence were surplusage which need not be denied. Compare also *Hevener* v. *Franklin,* 52 Cal.App. 594, 595 [199 P. 535]; *Blair* v. *Guarantee Title Co., Inc.,* 103 Cal.App. 260, 270 [284 P. 719]; *Chaldu* v. *Amestoy,* 16 Cal.App.2d 456, 457 [60 P.2d 875], *Costello* v. *Bowen,* 80 Cal.App.2d 621, 625 [182 P.2d 615]. "The fact that plaintiff may have alleged more than was required of him, does not impose upon him the obligation of proving anything beyond the facts essential to constitute his cause of action." (*Pigeon* v. *Fuller Co.,* 156 Cal. 691, 699 [105 P. 976].) Negligence was not essential to plaintiff's cause of action and no injury from the allegation is claimed by appellant or apparent to us.

■ Appellant contends that the evidence does not support the findings made that plaintiff's property was situated in a community of approximately 300 homes and approximately 200 yards distant from defendant's quarry, the evidence being that there were only 85 homes and that the distance was 300 yards. Even if this were so it would be no ground for reversal. "In order to justify the reversal of a

judgment because of defective findings it must affirmatively appear not only that substantial injury has been caused and that substantial rights have been affected but also that a different result would have been probable if the defect had not occurred." (*Culjak* v. *Better Built Homes, Inc.*, 58 Cal.App. 2d 720, 725 [137 P.2d 492], hearing denied.) No different result will be reached whether the community in the neighborhood of which injurious blasts are set off counts 85 or more homes or whether the distance is 300 yards or less. The proximity of 85 homes would be sufficient to distinguish the situation before us from the blasting in an isolated spot involved in *Houghton* v. *Loma Prieta Lumber Co., supra.*

The incorrect finding of plaintiff's sole ownership of the real property involved, whereas concededly he owned it in joint tenancy with his wife might have been material were it not that the recovery had already been reduced by one-half on that ground. The error now can certainly not justify reversal. If it were necessary we might make a finding to conform to the evidence, which would support the final result reached, but we do not consider the matter of sufficient importance to take such action (*Porter* v. *Gibson*, 25 Cal.2d 506, 518 [154 P.2d 703]) where appellant does not argue any danger of harm from the irregularity.

In a large part of their brief appellants argue various inconsistencies and conflicts in the evidence of the same or different witnesses culminating in the conclusion that the evidence for plaintiff as a whole is so inherently improbable and its falsity so apparent that it should have been disregarded. Although an appellate court may reject specific evidence which is obviously false or inherently improbable, it does not require citation of authority to show that mere conflicts in the evidence, which are solely for the decision of the trier of facts, cannot take the place of inherent improbability or obvious falsity and lead to wholesale rejection of the evidence in favor of one party. Here the evidence as to the time of the blastings by defendants was without conflict; a large number of witnesses testified to the force of the explosions and their deleterious effect on buildings in Rockaway Beach. That some of these witnesses were also bringing separate damage actions for blasting injury against defendant was a natural result of the situation in which the blasting took place; their interest goes at most to the weight of the testimony of such witnesses. Obviously appellants cannot show falsity of tes-

timony as to injury to buildings by quoting on appeal excerpts from scientific papers and addresses not put in evidence or discussed below to the effect that the damage caused by blasting is often exaggerated and that cracks in plaster attributed to it are often of other origin. Even regular scientific expert testimony is not entitled to preference over testimony as to facts; the relative weight must be decided by the trier of facts. (*Rolland* v. *Porterfield*, 183 Cal. 466, 469 [191 P. 913].)

█ The finding that on November 2, 1946 [before the blast], plaintiff's property was of the reasonable value of $5,000 finds competent support in plaintiff's testimony that he figures the valuation of his house at that time in the neighborhood of $5,500. (*Isenberg* v. *Sherman*, 212 Cal. 454, 483 [298 P. 1004, 299 P. 528], 10 Cal.Jur. 1023.) Appellant's attack on plaintiff's evidence on the ground of contradictions in his statements as to his cost price go to the weight of this evidence only, of which the trier of facts is the sole judge.

█ Appellant contends that there is no support for the finding that in consequence of the blasting on November 2, 1946, "the real property of the plaintiff was structurally weakened in its supports" and that, to the contrary, a witness for defendant, Mr. Heiner, who inspected the building from the outside after the blasts, testified that it was a very strongly constructed building and that there did not seem to be any sags or anything of that kind in it. It is true that there was no direct evidence as to structural weakening. However, plaintiff testified that after the November 2 blast there were cracks all through the exterior of the house, the stucco outside was buckled, the window sills and frames all knocked out of proportion, the plumbing leaking, barbecue pit and terrace ruined. From such evidence of visible injury an inference can be drawn that also the general structural strength of the building must have suffered. Whether the inference should be drawn in this case was again for the trier of facts. (*Blank* v. *Coffin*, 20 Cal.2d 457, 461 [126 P.2d 868]; 10 Cal.Jur. 738, 739.) Such inferential evidence can also overcome direct evidence to the contrary. "[I]t is elementary that direct evidence may be disbelieved and contrary circumstantial evidence relied upon to support a verdict or finding." (*Gray* v. *Southern Pacific Co.*, 23 Cal.2d 632, 641 [145 P.2d 561].)

█ Appellant further contends that the amount of damage to the property found to be $1,650 is entirely unsupported by the evidence, and that there was evidence that the cracks in the stucco could be patched up for $100. There was also

evidence from a plastering contractor called by plaintiff that he had quoted $440 for the radical replastering of the exterior walls and plaintiff testified that it would cost much more to rebuild the barbecue pit than the original costs of building it, which, together with the terrace walls, also found to be cracked, had cost around $450. Moreover damage to the structural support of the house was found for which plaintiff was entitled to recover independently from the costs of repair required only to make the house serviceable. (*Harlow* v. *Standard Improvement Co.*, 145 Cal. 477, 480 [78 P. 1045].) Certainly where there is permanent injury the difference in the market value of the property before and after the injury is a correct measure of damages (*LeBrun* v. *Richards*, 210 Cal. 308, 319 [291 P. 825, 72 A.L.R. 336] ; *Perkins* v. *Blauth*, 163 Cal. 782, 792 [127 P. 50] ). Plaintiff testified to a difference in market value of $2,000. Under these circumstances we cannot disturb a finding as to the amount of damages which is mainly within the province of the trier of facts.

Appellant complains that the court found that plaintiff suffered distress in body and mind, physical pain and mental anguish and discomfort, annoyance, fright and shock to his damage in the sum of $1,000 by reason of the blastings both on November 2, 1946, and February 3, 1947, although at the time of the latter blasting plaintiff was concededly not at home; he only saw the destruction and heard of the danger caused by a falling rock when he came home a few minutes later. (At the first blast plaintiff was thrown from a ladder.) Appellant contends that with respect to the blasting of February 3, 1947, allowing such damages contravenes the rule expressed in *Cook* v. *Maier*, 33 Cal.App.2d 581, 584 [92 P.2d 434], that to recover for physical injuries as the result of fright and nervous shock without bodily contact "The fright must be accompanied by fear of immediate personal injury, and physical injury must occur." That case, which involves fright caused by one isolated negligent collision in plaintiff's immediate proximity is not in point here where the distress and fright were caused by repeated blastings which injured plaintiff's real property and disturbed its comfortable enjoyment both by their immediate impact and by the reasonable fear of future danger. The recovery for such invasion of his rights in the real property to which the owner-occupant is entitled includes discomfort and annoyance (Restatement, Torts, § 929 (c) ; *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 172 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S.

183]; *Dauberman* v. *Grant*, 198 Cal. 586, 590 [246 P. 319, 48 A.L.R. 1244]; *Green* v. *General Petroleum Corp.*, 205 Cal. 328, 337 [270 P. 952, 60 A.L.R. 475].) Comment g on section 929(c) of the Restatement, *supra*, reads in part: "*Discomfort and other bodily and mental harms.* Discomfort and annoyance to an occupant of the land and to the members of his household are distinct grounds of compensation for which in ordinary cases the person in possession is allowed to recover in addition to the harm to his proprietary interest." The same rule with respect to nuisances, under the definition of which blasting as here involved comes (Civ. Code, § 3479) is found in 39 Am.Jur. 398; *Baltimore & Potomac R. R. Co.* v. *Fifth Baptist Church*, 108 U.S. 317 [2 S.Ct. 719, 27 L.Ed. 739]; *United States Smelting Co.* v. *Sisam*, 191 F. 293, 301 [112 C.C.A. 37, 37 L.R.A.N.S. 976]. Among the bodily and mental harms which are compensable must be included continual fear of danger in case of repetition in which persons on the property live. (*Green* v. *T. A. Shoemaker & Co.*, 111 Md. 69 [73 A. 688, 23 L.R.A.N.S. 667].) It has even been held that without any actual explosion, storage of explosives in dangerous proximity of a home is a nuisance *per se* because of the discomfort growing out of the well grounded fear that an explosion may occur, which depreciates the value of the property. (*Cumberland Torpedo Co.* v. *Gaines*, 201 Ky. 88 [255 S.W. 1046].) Plaintiff testified that after the February 3d blast (in which a rock destroyed a bench on the property near which one of his daughters was standing) he could not rest or sleep because of fear for his own security and that of his family. This is a form of discomfort for which plaintiff under the circumstances of this case is entitled to recover, as well as for other discomfort not challenged on appeal. The amount of the recovery for discomfort and annoyance is left to the sound judgment and discretion of the trier of facts without necessity of specific evidence as to such amount. (*Judson* v. *Los Angeles Suburban Gas Co.* and *Green* v. *General Petroleum Corp., supra.*)

Appellant next contends that certain findings of blasting in violation of existing county ordinances are unsupported. The somewhat conflicting evidence seems to show that appellant blasted with knowledge and oral consent of the county officials but without written permits as required by the ordinances. We need not decide the effect of these informalities, as in the view we have taken of the liability for blasting the correctness of the judgment does not depend on

violation of the ordinances. The findings in that regard are therefore immaterial and may be disregarded as surplusage. (*Sands* v. *Eagle Oil & Refining Co.*, 83 Cal.App.2d 312, 321 [188 P.2d 782], and cases there cited.) For the same reason the support of a finding with respect to the situation of the vein of rock, part of which appellant quarries, which finding is characterized in appellant's brief itself as immaterial—and correctly so—does not require discussion. Appellant also attacks a finding to the effect that by the blasting on February 3, 1947, a 3-pound rock from the quarry was thrown on plaintiff's property, destroying a bench. It is said that the finding is inherently impossible, because there was evidence that the oxidation of the rock showed that it was not freshly blasted from the depth of the quarry but had been exposed to the weather for several years, that such stones were not left on the surface of a quarry worked many times with dozers and caterpillars, and moreover, that a blast as there performed would not throw a stone of that weight so far. However, a daughter of appellant testified that the stone fell and destroyed the bench simultaneously with the blast, a circumstance tending to show causation by the explosion. The conflict was to be determined by the trial court. (*Rolland* v. *Porterfield, supra; McGrath* v. *Basich Brothers Const. Co.*, 7 Cal.App.2d 573, *supra*, at p. 575.)

 Appellant also assigns errors in the admission of evidence too numerous to discuss each separately. It may be pointed out however that evidence as to fright and distress caused to plaintiff's children, members of his household, was admissible where damage to plaintiff from that cause was expressly pleaded and was recoverable by plaintiff under authorities cited *supra*. (Restatement, Torts, § 929, com. g; 39 Am.Jur. 398; *United States Smelting Co.* v. *Sisam*, 191 F. 293, 301. For more cases and for others supporting a contrary minority view see anno.: 142 A.L.R. at p. 1313.) For the rest it will suffice to state that a study of the complete record has convinced us that in every instance in which admission of evidence is assigned as error it was either not erroneous or not prejudicial.

The appeal of the appellants Horace Hill and Jack Floyd is dismissed and the judgment affirmed.

Goodell, J., and Dooling, J., concurred.