[Civ. No. 15921. First Dist., Div. Two. May 24, 1954.]

JOHN DEMETRIS, Respondent, v. JOHN D. DEMETRIS, JR., et al., Appellants.

Fahey, Castagnetto & Gallen for Appellants.

Samuel D. Hamburg for Respondent.

NOURSE, P. J.—This is an action for reformation of a joint tenancy deed and for partition of the real property to which it relates instituted by a father against a son and that son's wife, both mentioned in said deed as tenants jointly with the father. The court gave judgment for the father; the son and daughter-in-law appeal.

The findings of the court, made mainly in conformance with the allegations and testimony of the father, were in substance as follows:

 The father who was about 60 years old and not sufficiently educated to understand completely the transactions and documents involved, trusted his son to see that the transaction was carried out according to the father's intent, he having full trust and confidence in the son, so that in this matter there existed a confidential relation between them.

The father had agreed orally with the son to buy a home at 1545 Meadow Lane, Burlingame, California, each to pay half the purchase price and to own a half interest in it as "partners," i.e., as tenants in common, the father to pay his share in cash, the son by secured financing in installments. The father—who also had two daughters—told the son that he wished such ownership because in case of his death he wished to leave the same to each of his children and that he had executed a will accordingly. The father and the son purchased the property for the price of $17,000 in accordance with a deposit receipt, which mentioned father and son as purchasers and depositors without any indication of joint tenancy. The father entrusted the son with the obtaining of a deed according to this agreement. The transaction was closed through escrow in the settlement of which the father paid $9,500, $1,000 of which was for the account of the son who was to repay it; later the father expended $557 for improvement of the property. The son and his wife procured from Prudential Life Insurance Company of America a loan on the property in the amount of $7,500 on the principal of which they repaid $718.69 and on which is still due $6,-929.73, secured by a deed of trust on the property. The deed of the property obtained in the escrow was not in accordance with what was agreed to by father and son in that it was a joint tenancy deed mentioning the father, the son and the son's wife as joint tenants with right of survivorship. The deed was recorded so that the property stands in the name of all three as joint tenants with right of survivorship. The father became aware of the joint tenancy on June 19, 1952, only when he consulted an attorney about partition of the property because of differences which had arisen between father and son (who had both lived in the purchased home). The son and his wife refused the reformation of the deed to make it conform to the understanding of the parties as demanded by the father. It is not true, as contended by the son, that the payments by the father were a gift of $10,000 to him. The son's wife has an interest in the property as a tenant in common with her husband of an undivided half only of said property. The son paid $427.85 for real estate taxes of 1951 and 1952. According to stipulation the property cannot be partitioned in kind but will have to be sold, Robert Duffy to be appointed as referee for that purpose.

The court ordered the deed reformed so as to become a

tenancy in common deed, the father to have an undivided one-half interest and the son and his wife to hold the other undivided half as tenants in common, and further decreed a partition of the property by sale, the proceeds of the sale to be divided as follows: After deduction of all costs and disbursements of the sale, one-half of the proceeds plus from the remaining half $1,000 as reimbursement of the advance made to the son and $557 paid for improvements to go to the father, less $213.93 being one-half of the taxes paid by the son; the son to receive the other half minus the two amounts awarded to the father and plus the $213.93, but from the amount so found the unpaid amount of the loan, being $6,-929.73 in principal, to be deducted.

Appellants' main grievances are that reformation was granted although fraud of the son, alleged in the complaint, was not proved, and fraud of his wife was neither alleged nor proved. The contentions are without merit. The court did not make an express finding of fraud, probably because there was no evidence that the son intentionally caused the deed to be made up as it was. ▮ However, no fraud is essential to justify the reformation of a written instrument. If the instrument does not truly express the intention of the parties it will also be revised if the discrepancy is caused through mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected. (Civ. Code, § 3399; 9 Cal.Jur. 241, Deeds § 115; *Holt* v. *Holt,* 120 Cal. 67 [52 P. 119].) ▮ The remedy of reformation for mistake, which is equitable in nature, is not restricted to the exact situations literally mentioned in section 3399, Civil Code. (*Merkle* v. *Merkle,* 85 Cal.App. 87, 105 [258 P. 969], in which case reformation of a deed was upheld which because of mistake of the grantor did not contain a sufficient description of the grant, although the grantee, at whose instance the reformation took place, saw the deed and noticed the mistake many years later only after the death of the grantor.) ▮ The allegations of the complaint and the findings in the case before us are in all respects sufficient to state mistake, justifying the reformation of the deed independent of the alleged fraud of the son. ▮ In such a case the unnecessary allegation need not be proved and can be treated as surplusage if the defendant is not prejudiced in his defense. (*Alonso* v. *Hills,* 95 Cal.App.2d 778, 784 [214 P.2d 50]; *Karsh* v. *Haiden,* 120 Cal.App.2d 75, 83 [260 P.2d 633].) In the Holt case, *supra,* where mutual mistake had

been alleged, the reformation was upheld on the ground that the mistake of the grantor was known to grantee, there being also sufficient allegation of grantee's knowledge. The court relied also on section 469, Code of Civil Procedure, reading: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." (See also *Treu* v. *Kirkwood,* 42 Cal.2d 602, 607 [268 P.2d 482].) In this case defendants can not have been prejudiced as their defense was that the payments of the father were intended as a gift to the son and that the deed represented the actual intent of the parties, a defense equally good as against the allegations of both fraud and mistake but rejected by the trial court which believed the testimony of the father.

Moreover the findings show fraud of the son, though not expressly stated. ██ There is a breach of fiduciary duty and at least constructive fraud when a person in a confidential relation to another retains, notwithstanding the other's demand, an undue advantage which he knows he obtained over the other because of the other's mistake, even though originally the mistake or advantage was not caused by the act or influence of the fiduciary. (See *Allen* v. *Bryant,* 4 Cal. App. 371, 376 [88 P. 294]; 9 Cal.Jur. 241, note 9.)

With respect to the defendant daughter-in-law, the reformation is as much justified by mistake as with respect to the son. ██ Moreover with respect to the fraud of her husband, California adheres to the principle that a wife, although herself innocent, will not be protected in retaining the fruits of her husband's fraud. (*Kemp* v. *Enemark,* 194 Cal. 748 [230 P. 441]; *Shinn* v. *Macpherson,* 58 Cal. 596.) All legitimate interests of the wife are sufficiently protected by the recognition of her interest in that part of the house and its proceeds to which the father has no better claim.

It is next contended that in the partition no repayment of the amount of $1,000 paid by the father over and above his half of the purchase price could be granted because the right to such repayment was not alleged. It was alleged (paragraph V of complaint) that it was agreed that father and son would each own an undivided half interest in the property and that each would pay for his one-half share and further (paragraph VIII) that the father actually paid $9,500 (which is $1,000 more than his share). ██ "In a suit for partition . . . it is a general rule that all equities and con-

flicting claims existing between the parties and arising out of their relation to the property to be partitioned may be adjusted (68 C.J.S. 208; Code Civ. Proc., § 759). ▮ Also under our code provisions—sections 752 to 801.15 Code Civil Procedure—''the equities of the respective parties are considered and disposed of upon principles which govern courts of equity. In such action the parties may assert any title they have, legal or equitable, and the court will decree what is equitable and proper.'' (20 Cal.Jur. 597.) ▮ ''Where one cotenant has paid more than his proportion of the purchase price of the land, he is entitled on partition to an accounting therefor.'' (68 C.J.S. 212.) The right of repayment of such advance is recognized in *Donnelly* v. *Wetzel*, 37 Cal.App. 741 [174 P. 689]. As the facts with respect to the father's excess payments were alleged in the complaint no legal conclusion as to his right need be pleaded to permit the court to take these facts into consideration in decreeing an equitable solution. The same was done with respect to all other advances of the parties.

▮ Appellants' statement that respondent's rights, if any, with respect to the repayment of the $1,000, would be barred by the statute of limitations can not be reviewed by us because they did not plead the statute and did not rely on it when the equalization of the advances, among which the excess payment of $1,000 was specifically mentioned, was discussed before the trial court, nor at any other time in that court. The defense of the statute was therefore waived (16 Cal.Jur. 603-604; *Hall* v. *Chamberlain*, 31 Cal.2d 673, 679 [192 P.2d 759].)

▮ However appellants' criticism of two other points as to the division of proceeds decreed in the judgment is correct. Although as between the parties the defendants are responsible for the satisfaction of the debt owing to Prudential Life Insurance Company of America, said company has a lien on the property as such, which lien, under section 771, Code of Civil Procedure, must be satisfied out of all proceeds after deduction of costs, before division among the parties. That the satisfaction of the lien creditor after satisfaction of the father, as ordered by the court, is incorrect as to the lienholder becomes immediately clear if we consider the possibility of low proceeds of the sale. Another small defect of the division ordered is that to reimburse the father for the advance for improvements in the amount of $557, this

total amount is awarded to the father out of the half of the proceeds belonging to defendants, whereas the father clearly must himself bear half of said costs.

On those grounds the section of the provisions of the judgment as to plaintiff's second cause of action, governing the manner in which the proceeds of sale shall be applied, (6), must be reversed with directions to amend that section to read:

(6) That the proceeds from said sale shall be applied as follows:

From the net proceeds after deduction of all necessary and legal costs first deductible, including any allowed attorneys' fees, and disbursements in effectuating such sale there shall be paid to the Prudential Life Insurance Company of America, a corporation, the unpaid balance due to it amounting as of March 16, 1953, to the sum of $6,929.73 as principal, and any accrued interest thereon; from the balance remaining of the net proceeds after said payment therefrom there shall be paid to the plaintiff an amount equal to half of the net proceeds of the sale (without any deductions for said payment to the Prudential Life Insurance Company of America, which must be borne by defendants) plus $1,000 as reimbursement for said sum advanced by plaintiff for the benefit of the defendant, John D. Demetris, Jr., in the purchase of the said property, plus the further sum of $64.57, being half the difference between the amount of $557 expended by plaintiff in behalf of the parties for improvements to said property and the amount of $427.85 expended by defendant John D. Demtris, Jr., in behalf of the parties for real estate taxes upon said property during the tax years 1951 and 1952. Any balance remaining from said net proceeds after said payments to plaintiff shall then be paid to defendants. In case the balance remaining from the net proceeds after the payment to the Prudential Life Insurance Company of America should be insufficient to make therefrom all of the above payments to the plaintiff, the plaintiff shall by way of compensation be entitled to payment of the amount lacking by the defendant John D. Demetris, Jr.

Except as specified above the judgment is affirmed, otherwise reversed. Each party to bear his own costs.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied June 23, 1954.