[No. B190523. Second Dist., Div. Eight. May 2, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD EUGENE THOMAS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts 1., 2., 3. and 5. of the Discussion.

**COUNSEL**

Chris R. Redburn, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Joseph P. Lee and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BOLAND, J.—

## INTRODUCTION

Appellant Donald Eugene Thomas challenges his murder, attempted murder, and assault with a deadly weapon convictions on the grounds a 25-year delay in prosecution violated his right to due process, and the trial court erroneously admitted hearsay, permitted him to be impeached with an old felony conviction, used outdated jury instructions, and denied his motion to reduce the offense to second degree murder.

We conclude appellant failed to establish a due process violation or ineffective assistance of counsel because he failed to show actual prejudice resulted from the long delay. The trial court erred by admitting one hearsay statement, but the error was harmless because its content was the same as other properly admitted evidence. The court also erred by admitting evidence of appellant's 1977 grand theft conviction, but the error was harmless. Using CALJIC instructions, instead of the CALCRIM instructions (Judicial Council of Cal. Crim. Jury Instns. (2006)), was not error. Because there was substantial evidence of premeditation and deliberation, the court did not abuse its discretion by refusing to reduce appellant's conviction to second degree murder.

## BACKGROUND AND PROCEDURAL HISTORY

Appellant visited the Meredith household in Compton on the night of February 17, 1981. His briefcase disappeared and he accused Thomas Anderson, known as Tom-Tom, of taking it. Appellant shot Anderson in the head, killing him, and then chased Anderson's brother, Ronald Bradford, through the house into a bedroom closet, where he also shot him in the head. Bradford survived the shooting, but lost the use of one eye. Appellant was arrested in Cleveland, Ohio in 2005.

A jury convicted appellant of first degree murder, attempted murder, and assault with a deadly weapon. The jury found appellant personally used a gun in the commission of each offense. Appellant was sentenced to prison for 27 years four months to life.

## DISCUSSION

1.–3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4. *Instructing the jury with CALJIC instructions was not error.*

Appellant's jury was instructed with CALJIC instructions, without objection by either party. Appellant contends the adoption of the CALCRIM instructions rendered the CALJIC instructions "outdated," and their use constituted structural error.

The California Judicial Council withdrew its endorsement of the long-used CALJIC instructions and adopted the new CALCRIM instructions, effective January 1, 2006. At the time of appellant's trial, former rule 855(e) of the California Rules of Court (now renumbered rule 2.1050) provided that "[u]se of the Judicial Council instructions is strongly encouraged. If the latest edition of the jury instructions approved by the Judicial Council contains an instruction applicable to a case and the trial judge determines that the jury should be instructed on the subject, it is recommended that the judge use the Judicial Council instruction unless he or she finds that a different instruction would more accurately state the law and be understood by jurors."

Under former rule 855(e) of the California Rules of Court, the trial court probably should have used the CALCRIM, not the CALJIC instructions. However, the use of the CALCRIM instructions was not mandatory, but merely "strongly encouraged" and "recommended." Neither party requested the use of the CALCRIM instructions, or even made mention of them. Had appellant or respondent asked the court to use the CALCRIM instructions, the court probably would have done so.

(1) The Judicial Council's adoption of the CALCRIM instructions did not render any of the CALJIC instructions invalid or "outdated," as appellant claims. CALJIC instructions that were legally correct and adequate on December 31, 2005, did not become invalid statements of the law on January 1, 2006. Nor did their wording become inadequate to inform the jury of the relevant legal principles or too confusing to be understood by jurors. The Judicial Council's adoption of the CALCRIM instructions simply meant they

are now endorsed and viewed as superior. No statute, rule of court, or case mandates the use of CALCRIM instructions to the exclusion of other valid instructions.

Appellant's attempts to show the superiority of two CALCRIM instructions to their CALJIC counterparts does not demonstrate that the CALJIC instructions the trial court used incorrectly stated the law, were hopelessly confusing to the jury, or were otherwise erroneous or inadequate.

■ CALJIC No. 2.23, as given at appellant's trial, provided as follows: "The fact that a witness has been convicted of a felony, if this is a fact, may be considered by you only for the purpose of determining the believability of that witness. The fact of a conviction does not necessarily destroy or impair a witness's believability. It is one of the circumstances that you may consider in weighing the testimony of that witness." Appellant argues the trial court should have given CALCRIM No. 316, which provides, "If you find that a witness has been convicted of a felony, you may consider that fact [only] in evaluating the credibility of the witness's testimony. The fact of a conviction does not necessarily destroy or impair a witness's credibility. It is up to you to decide the weight of that fact and whether that fact makes the witness less believable." A comparison of the instructions reveals that they say precisely the same thing. The second sentence in each is identical. Although the wording of the other two sentences in the new instruction is arguably superior, it does not inform the jury of any principle not stated in CALJIC No. 2.23.

■ Similarly, appellant argues the court should have used CALCRIM No. 505 in lieu of CALJIC No. 5.12. because the new instruction more clearly states "that a killing in self-defense means the defendant is not guilty of murder." In pertinent part, CALCRIM No. 505 states, "The defendant is not guilty of (murder/[or] manslaughter/attempted murder/[or] attempted voluntary manslaughter) if (he/she) was justified in (killing/attempting to kill) someone in (self-defense/[or] defense of another)." ■ Appellant's jury was instructed, in pertinent part, that "The killing of another person in self-defense is justifiable and not unlawful when the person who does the killing actually and reasonably believes: [¶] 1. That there is imminent danger that the other person will either kill him or cause him great bodily injury; and [¶] 2. That it is necessary under the circumstances for him to use in self-defense force or means that might cause the death of the other person for the purpose of avoiding death or great bodily injury to himself." (CALJIC No. 5.12.) That a homicide committed in self-defense was "justifiable and not unlawful" was reiterated to appellant's jury in CALJIC No. 5.13, CALJIC

No. 5.15 told the jury that, "Upon a trial of a charge of murder, a killing is lawful if it was justifiable. The burden is on the prosecution to prove beyond a reasonable doubt that the homicide was unlawful, that is, not justifiable. If you have a reasonable doubt that the homicide was unlawful, you must find the defendant not guilty." In CALJIC No. 8.10, appellant's jury was told that in order to convict him of murder, the prosecution was required to prove that "[t]he killing was unlawful," and "[a] killing is unlawful, if it is neither justifiable nor excusable." Accordingly, appellant's jury was repeatedly told that a justifiable killing was not murder, and a killing in self-defense was justifiable. Although the organization and wording of CALCRIM No. 505 may be superior to the collection of CALJIC instructions, appellant's jury was indisputably informed of the principle for which appellant argues.

■ Accordingly, we conclude that the trial court did not err by instructing the jury with legally valid and acceptably worded CALJIC instructions.

Even if this were error, it would not constitute structural error, which refers to an error that affects the framework within which the trial proceeds and therefore defies harmless error analysis, rather than simply an error in the trial process itself. (*Arizona v. Fulminante* (1991) 499 U.S. 279, 309–310 [113 L.Ed.2d 302, 111 S.Ct. 1246].) Structural errors in the criminal context include the total deprivation of the right to counsel at trial, a biased judge, unlawful exclusion of members of the defendant's race from a grand jury, denial of the right to self-representation at trial, denial of the right to a public trial, and an erroneous jury instruction on reasonable doubt. (*Ibid.*) The prejudicial impact, if any, of an error consisting of the use of one form of a jury instruction correctly stating the law, as opposed to another instruction also correctly stating the same legal principles, can readily be assessed. Such an error does not affect the framework within which the trial proceeds, but is simply an error in the trial process itself.

Because the instructions given were correct statements of the relevant legal principles, the purported error was necessarily harmless. Appellant's jury was neither incorrectly nor inadequately instructed.

5. *Denying appellant's motion to reduce the verdict to second degree murder was not an abuse of discretion.*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[*]See footnote, *ante*, page 461.

## DISPOSITION

The judgment is affirmed.

Rubin, Acting P. J., and Flier, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 8, 2007, S153295.