Filed 2/18/25  P. v. Cunningham CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099762 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F05979) |
| v. | |
| RAYSHUN CUNNINGHAM, | |
| Defendant and Appellant. | |

Defendant Rayshun Cunningham appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  The trial court denied the petition because the record of conviction showed that defendant was ineligible for relief as a

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was renumbered and recodified as section 1172.6 with no substantive change in the text.  (Stats. 2022, ch. 58, § 10.)  We refer to former section 1170.95 by its new designation.

matter of law. Defendant contends: (1) CALJIC No. 8.51 given at trial allowed the jury to convict him on a now-invalid theory of imputed malice, and (2) the record of conviction did not establish that he was the actual killer who personally killed the victim. We will affirm.

BACKGROUND FACTS AND PROCEDURE[2]

In July 2003, A.T.[3] and his cousin went to a liquor store in the cousin's truck. When they left the store, two juvenile males approached the vehicle. One of them, identified as defendant, punched A.T. through the open window. The truck made a U-turn and pulled into a convenience store. A.T. and his cousin got out and began arguing with a group of juveniles. His cousin got a pole used for window washing from the truck and swung it at the juveniles, who moved back. A.T. and his cousin then got back in the truck to leave. Defendant approached the truck with a gun in his hand and fired two or three times, hitting A.T. in the chest. He died that evening from a gunshot wound to the chest.[4]

In 2004, the prosecution filed an information charging defendant with the murder of A.T. (§ 187, subd. (a); count one). The information included allegations based on firearm use, discharge, and discharge causing great bodily injury (§§ 12022.53, subds. (b), (c), (d)).

---

[2] The People request that we take judicial notice of the record in defendant's direct appeal of his conviction. We conclude the appropriate procedure is for this court to incorporate by reference the record of defendant's direct appeal, as well as our nonpublished opinion in (*People v. Cunningham* (Dec. 19, 2006, C048534) [nonpub. opn.] (*Cunningham*).)

[3] Pursuant to California Rules of Court, rule 8.90(b)(4), we refer to the victim by his initials.

[4] This factual summary is based on this court's opinion in defendant's direct appeal. (*Cunningham, supra*, C048534.) We recite these facts only to provide context for the parties' arguments; we do not rely on the facts contained in the opinion to resolve the issues presented in this appeal.

At trial, the jury found defendant guilty of second degree murder and found true the allegation that defendant intentionally and personally discharged a firearm causing the death of A.T. (§ 122022.53, subd. (d)).

The trial court sentenced defendant to 15 years for murder and 25 years to life for the firearm enhancement, an aggregate sentence of 40 years to life in state prison. On appeal, this court affirmed the judgment. (*Cunningham, supra*, C048534.)

On November 2, 2022, defendant filed a form petition for resentencing under section 1172.6. The trial court appointed counsel for defendant and received briefing from the parties. After hearing argument, the trial court denied the petition at the prima facie stage, concluding that defendant was ineligible for relief as a matter of law. The court reasoned that the information did not charge anyone but defendant with the murder of A.T. and the jury was not instructed with aiding and abetting, the natural and probable consequences doctrine, or any theory where liability could be imputed to defendant. The court concluded based on the combination of the charging documents, jury instructions, verdict, and enhancement findings that the jury found defendant to be the sole and actual perpetrator of the victim's murder. Defendant timely appealed the order denying his resentencing petition.

DISCUSSION

I

A. *Legal Background*

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which altered the law of accomplice liability for murder in two ways. (Stats. 2018, ch. 1015, §§ 1-3.) First, the bill eliminated aider and abettor liability for murder under the natural and probable consequences doctrine by adding the following language to section 188: "Except [for felony murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely

3

on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Second, Senate Bill 1437 narrowed the application of the felony-murder rule by amending section 189 to provide that a person can be liable for felony murder only if the person was (1) the actual killer, (2) an aider and abettor to the murder who acted with intent to kill, or (3) a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e)(1)-(3); Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6, creating a procedure for those who were convicted of murder under the prior law, but who could no longer be convicted because of the changes to the law, to petition to vacate the conviction and be resentenced on any remaining counts.[5] (§ 1172.6.) "Under section 1172.6, the process begins with the filing of a petition declaring that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189' made by Senate Bill 1437. [Citation.] The trial court then reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief. [Citation.] 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.]' [Citation.] Otherwise, the court must issue an order to show cause [citation] and hold an evidentiary hearing at which the prosecution bears the burden 'to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under the law as amended by Senate Bill 1437 [citation]." (*People v. Wilson* (2023) 14 Cal.5th 839, 869, fn. omitted.)

In determining whether a petitioner has made a prima facie case, the court may consider the record of conviction, including the jury instructions, closing arguments, and

---

[5]     Senate Bill No. 775 (2020-2021 Reg. Sess.) subsequently amended section 1172.6, effective January 1, 2022. Among other changes, Senate Bill No. 775 expanded section 1172.6 to include defendants convicted of murder based on any "theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1); Stats. 2021, ch. 551, § 2.)

jury verdicts. (*People v. Lewis* (2021) 11 Cal.5th 952, 970; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.) The court may appropriately deny a petition at the prima facie stage if the record of conviction shows the petitioner is ineligible for relief as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Nevertheless, in reviewing the record of conviction, the court should not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Lewis, supra*, at p. 972.) The court should not reject the petitioner's factual allegations on credibility grounds unless the record of conviction refutes them. (*Id.* at pp. 971-972.)

Whether a trial court has properly denied a petition for resentencing at the prima facie stage is a question of law, which we review de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*B. Analysis*

The People argue that the record of conviction establishes that the jury did not find defendant guilty under any theory of imputed liability but rather as the actual killer. We agree.

We begin by noting that this was a single-victim homicide in which it was undisputed that the victim (A.T.) died from a gunshot wound. The information charged defendant alone with murder and multiple firearm enhancements, including the personal discharge of a firearm causing death (§ 12022.53, subd. (d)). In closing, defense counsel acknowledged that defendant fired the fatal shot but argued that he shot A.T. in self-defense.

Defendant does not argue that the trial court instructed the jury on felony murder—such as CALJIC Nos. 8.21 or 8.32, respectively, on first and second degree

5

felony murder[6]—or any theory made invalid by Senate Bill 1437. Defendant cannot show that the jury found him guilty on a theory not encompassed within the instructions. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) Many courts have held that where the trial court did not instruct the jury on felony murder or another theory imputing malice to a defendant, the defendant is ineligible for relief under section 1172.6. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677; *People v. Harden, supra*, 81 Cal.App.5th at p. 52; *People v. Allen* (2023) 97 Cal.App.5th 389, 395.)

Defendant argues that the jury did convict him under an unlawful theory because the trial court instructed jurors with CALJIC No. 8.51: "If a person causes another's death, while committing a felony which is dangerous to human life, the crime is murder." However, the instruction goes on to state: "There are many acts which are lawful but nevertheless endanger human life. If a person causes another's death by doing an act or engaging in conduct in a criminally negligent manner, without realizing the risk involved, he is guilty of involuntary manslaughter. If, on the other hand, the person realized the risk and acted in total disregard of the danger involved, malice is implied, and the crime is murder." Thus, CALJIC No. 8.51 only serves to differentiate murder from manslaughter. Moreover, as defendant acknowledges, the trial court instructed the jury it could convict defendant of second degree murder only by finding he acted with malice. (CALJIC Nos. 8.10, 8.30.) The instructions defined express and implied malice (CALJIC Nos. 8.11) and directed the jury that it could not find defendant guilty of second degree murder unless there was union of the charged act with the required intent. (CALJIC No. 3.31).

---

[6]     The California Judicial Council withdrew the CALJIC instructions and adopted the new CALCRIM instructions, effective January 1, 2006. (*People v. Thomas* (2007) 150 Cal.App.4th 461, 465.)

Even assuming CALJIC No. 8.51 referred to felony murder, the trial court did not instruct the jury on any predicate crimes for murder, and as discussed, the court did not give any specific instruction on the natural and probable consequences doctrine or felony murder. Further, the court instructed the jury that it should consider the instructions as a whole and not all instructions necessarily applied. (CALJIC Nos. 1.01, 17.31.) We presume the jury understood and followed the court's instructions. (*People v. Williams* (2009) 170 Cal.App.4th 587, 635.)

Accordingly, the record conclusively establishes defendant's conviction was for malice murder, rendering him ineligible for sentencing relief as a matter of law. Given this conclusion, we need not address defendant's argument that the jury's finding on the firearm enhancement does not prevent resentencing relief. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [trial court's decision must be affirmed if correct under any applicable theory].)

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

_____\s\_____,
Krause, J.

We concur:

\_\_\_\_\_\s\_____,
Hull, Acting P. J.

\_\_\_\_\_\s\_____,
Renner, J.

7